JUSTICE NELSON
specially concurs and dissents.
I concur with the Court’s discussion and holding on issues 2., 3. and 4.1 respectfully dissent from the Court’s discussion and holding on issue 1. on the basis of my dissent in Mueske v. Piper, Jaffray & Hopwood, (1993) [260 Mont. 207], 850 P.2d 444.
Specifically, in Mueske, we held that a failure to comply with controlling law incorporated into an arbitration agreement, such as an NASD rule, renders a pre-dispute arbitration clause invalid. However, if the NASD rule is “controlling law”, as held by the Court *154 here and in Mueske, then all of the NASD rules should control. The NASD rules provide that a violation of Rule 21 can result in sanctions being issued against the violating dealer. There is no provision for invalidating the arbitration agreement in its entirety.
If there is some legal basis for the Court to determine that a violation of a choice of law provision[1] can result in a remedy not provided for by that law, this legal basis should be clearly articulated. If there is no legal basis for allowing this remedy, one should not be artificially created.
For the foregoing reasons, I respectfully dissent from the Court’s decision on Issue 1.
JUSTICE GRAY concurs in the foregoing special concurrence and dissent.

 I do not believe that the reference by the District Court or by this Court to the provision at issue as being one of “choice of law” is accurate in the context in which that concept is usually understood.